UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

WESLEY S. HAMMOND,                          )
                                            )
                    Petitioner,             )
                                            )
            v.                              )    No. 2:26-cv-00496-JMS-MKK
                                            )
UNITED STATE OF AMERICA,                    )
                                            )
                    Respondent.             )

## ORDER

Defendant Wesley Hammond filed a Petition for Writ of Audita Querela on May 4, 2026. [Filing No. 2079 in *United States v. Wesley S. Hammond*, 2:10-cr-00007-JMS-CMM-1 (the "Criminal Case").] The Petition was treated as a motion for relief under 28 U.S.C. § 2255 and this new civil action was opened.

## I.
### BACKGROUND

On July 8, 2011, Mr. Hammond was sentenced to a term of life imprisonment for Conspiracy to Distribute 500 Grams or More of Methamphetamine (Mixture) and 100 Kilograms or More of Marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851. [*See* Filing No. 1037 in the Criminal Case.] On May 22, 2014, he filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, [Filing No. 1359 in the Criminal Case], which the Court subsequently denied, [Filing No. 1491 in the Criminal Case]. Mr. Hammond then sought permission from the Seventh Circuit Court of Appeals to file a successive § 2255 Motion, which the Seventh Circuit denied on December 29, 2025, [Filing No. 2060 in the Criminal Case]. Mr. Hammond has now

filed a Petition for Writ of Audita Querela (treated by the Court as a § 2255 motion), [Filing No. 2], which is ripe for the Court's consideration.[1]

## II.
### DISCUSSION

In support of his Motion, Mr. Hammond argues that if he were sentenced today, "he would factually benefit from [a] reduced lower mandatory minimum sentence than the 25 years thanks to a line of Seventh Circuit cases issued in the wake of his sentencing." [Filing No. 2 at 4.] Mr. Hammond points to changes in what constitutes a predicate offense under 21 U.S.C. § 851. [Filing No. 2 at 4-5.]

The Government argues in its response that Mr. Hammond has raised the same arguments in previous pleadings and that a writ of audita querela is only available to a judgment debtor who seeks a rehearing on grounds of newly discovered evidence or newly existing legal defenses. [Filing No. 3 at 1-2.] It notes that Mr. Hammond is not a judgment debtor and that, in any event, "the writ of audita querela was long ago abolished in federal civil proceedings." [Filing No. 3 at 2 (quotation and citation omitted).]

Mr. Hammond argues in his reply that a writ of audita querela is available "in federal criminal cases, when a federal prisoner is unable to seek redress under § 2255," and that § 2255 is "inadequate or ineffective to provide a necessary remedy for resolution." [Filing No. 4 at 1-2.]

A petitioner may not seek another round of review under § 2255 unless the appropriate court of appeals has certified that such a filing should be allowed under 28 U.S.C. § 2255(h). *Hogsett v. Lillard*, 72 F.4th 819, 820-21 (7th Cir. 2023). A district court lacks jurisdiction to

---

[1] Before the Court opened this civil action, the Government responded to Mr. Hammond's motion and Mr. Hammond filed a reply in the Criminal Case. [Filing No. 2081 and Filing No. 2088 in the Criminal Case.] Both the response and the reply have been docketed in this case. [Filing No. 3; Filing No. 4.]

consider a successive § 2255 motion unless the court of appeals has first authorized its filing. *Hare v. United States*, 688 F.3d 878, 880 (7th Cir. 2012) (citing *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)). Because the Seventh Circuit denied Mr. Hammond's application to file a successive § 2255 motion, [Filing No. 2060 in the Criminal Case], this Court does not have jurisdiction over this case. Accordingly, Mr. Hammond's Petition for Writ of Audita Querela (treated as a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255), [Filing No. 2], is **DENIED** and this case is **DISMISSED WITHOUT PREJUDICE**.[2]

### III.
#### CONCLUSION

Mr. Hammond's Petition for Writ of Audita Querela (treated as a Motion to (treated as a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255), [2], is **DENIED** and this case is **DISMISSED WITHOUT PREJUDICE**. Final judgment shall enter accordingly. The Clerk shall docket a copy of this Order in Mr. Hammond's Criminal Case (No. 2:10-cr-00007-JMS-CMM-1).

---

[2] The Court notes that Mr. Hammond's Petition for Writ of Audita Querela is without merit in any event. First, a writ of audita querela "has no apparent relevance to criminal sentences," *Melton v. United States*, 359 F.3d 855, 856 (7th Cir. 2004), and "cannot be used in place of a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255," *United States v. Courtright*, 2017 WL 3454451, at *2 (S.D. Ill. Aug. 11, 2017). Mr. Hammond cannot use the All Writs Act "to circumvent statutory requirements or otherwise binding procedural rules," *Shoop v. Twyford*, 596 U.S. 811, 820 (2022), and a writ of audita querela cannot "be used as a way around the rules and limitations of [§ 2255]," *Wyatt v. United States*, 2023 WL 6049708, at *2 (S.D. Ill. Sept. 15, 2023). Second, non-retroactive changes to what constitutes a predicate offense under § 851 do not warrant decreasing Mr. Hammond's sentence. See *Rutherford v. United States*, 608 U.S. ----, 2026 WL 1485535, at *10 (May 28, 2026) ("Congress's nonretroactive change to [18 U.S.C.] § 924(c) – considered by itself or in combination with other factors – cannot make a prisoner eligible for compassionate release."); *Hammond v. United States*, No. 25-3159 (7th Cir. Dec. 29, 2025) (Filing No. 2060 in the Criminal Case at 2) (denying Mr. Hammond's request to file a successive § 2255 motion and stating "under § 2255(h)(2), the only changes in law that can yield a successive collateral attack are retroactive constitutional decisions of the Supreme Court, not circuit precedents or statutory amendments").

## IV.
### DENIAL OF CERTIFICATE OF APPEALABILITY

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition.  Rather, he must first request a certificate of appealability.  *See Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003); *Peterson v. Douma,* 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Hammond has failed to show that reasonable jurists would find it "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  The Court therefore **DENIES** a certificate of appealability.

Date: 7/16/2026

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

Wesley S. Hammond
#09373-028
FCI Leavenworth
Federal Correctional Institution
P.O. Box 1000
Leavenworth, KS 66048